UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SHEA SIMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT BOSCH TOOL CORPORATION,<br><br>    Defendant. | Case No. 12-cv-05379-WHO<br><br>**CIVIL PRETRIAL ORDER** |

A jury trial has been set in this matter for May 19, 2014, beginning at 8:30 A.M. with an attorney conference and jury selection to follow thereafter. A Pretrial Conference has been set for May 9, 2014 at 2:00 P.M.

The following scheduling deadlines and hearing dates have been set:

**Discovery cutoff:** November 1, 2013
**Expert disclosure:** November 15, 2013
**Expert rebuttal:** December 2, 2013
**Expert discovery cutoff:** December 31, 2013
**Motions heard by:** February 19, 2014

**1. Pretrial Conference and Statement**

Not less than 28 days prior to the Pretrial Conference, counsel shall exchange (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7), (8), (9) and (10), and any motions in limine. At least 21 days before the final Pretrial Conference, lead trial counsel shall meet and confer with respect to:

- Preparation and content of the joint pretrial conference statement;

- Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be

served and filed pursuant to this Order. To the extent such differences are not resolved, the parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the Pretrial Conference; and

- Settlement.

At least 14 days prior to the Pretrial Conference, the parties shall file a joint pretrial conference statement containing the following information:

    a.    The Action

        (i) <u>Substance of the Action</u>. A brief description of the substance of claims and defenses which remain to be decided.

        (ii) <u>Relief Prayed</u>. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of those damages.

    b.    The Factual Basis of the Action

        (i) <u>Undisputed Facts</u>. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

        (ii) <u>Disputed Factual Issues</u>. A plain and concise statement of all disputed factual issues which remain to be decided.

        (iii) <u>Agreed Statement</u>. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

        (iv) <u>Stipulations</u>. A statement of stipulations requested or proposed for pretrial or trial purposes.

    c.    Disputed Legal Issues

        (i) <u>Points of Law</u>. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting forth

briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.

    (ii) <u>Proposed Conclusions of Law</u>. If the case is to be tried without a jury, unless otherwise ordered, parties should briefly indicate objections to proposed conclusions of law.

  d.  Trial Preparation

    (i) <u>Witnesses to be Called</u>. A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

    (ii) <u>Exhibits, Schedules and Summaries</u>. A list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each describing its substance or purpose and the identity of the sponsoring witness. Unless otherwise ordered, parties will indicate their objections to the receipt in evidence of exhibits and materials lodged and that counsel have conferred respecting such objections.

    (iii) <u>Estimate of Trial Time</u>. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

    (iv) <u>Use of Discovery Responses</u>. Counsel shall cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall indicate any objections to use of these materials and that counsel has conferred respecting such objections.

    (v) <u>Further Discovery or Motions</u>. A statement of all remaining discovery or motions, including motions in limine.

  e.  Trial Alternatives and Options

    (i) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(ii) Consent to Trial Before a Magistrate Judge. A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(iii) Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties' claims or defenses.

(iv) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

**2. Witnesses**

a. <u>Juy Trials</u>. The Pretrial Conference Statement shall include the witness list required in part by 1(d)(1) above. In addition, in the case of expert witnesses, the summary shall clearly state the expert's theories and conclusions and the basis therefore and shall be accompanied by a curriculum vitae; if the expert has prepared a report in preparation for the testimony, a copy thereof shall be furnished to opposing counsel. Witnesses not included on the list may be excluded from testifying.

b. <u>Non-Jury Trials</u>. In non-jury cases, any party may serve and lodge with the Court a written narrative statement of the proposd direct testimony of each witness under that party's control in lieu of a summary. Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

**3. Jury Instructions**

a. <u>Joint Set of Instructions</u>. The parties shall jointly prepare a set of jury instructions, and shall file the proposed instructions at least fourteen days prior to the Pretrial Conference. The submission shall contain both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Counsel shall deliver to Chambers a copy of the joint submission, on a CD/DVD in Word format. The label shall include the case number and a description of the documents.

4

      b.    <u>Substance and Format of Instructions</u>. The instructions shall cover all substantive issues and other points not covered by the Ninth Circuit Manual of Model Jury Instructions. Each requested instruction shall be typed in full on a separate page and citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English, and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.

      c.    <u>Preliminary Statement and Instructions</u>. If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and file the text of the proposed preliminary statement and/or preliminary instructions at least fourtten days prior to the Pretrial Conference.

      d.    <u>Voir Dire and Verdict Forms</u>. Each party shall serve and file proposed questions for jury voir dire and a proposed Form of Verdict at least fourteen days prior to the Pretrial Conference.

**4.    Findings of Fact and Conclusions of Law**

In non-jury cases, each party shall file at least fourteen days prior to the Pretrial Conference proposed Findings of Fact and Conclusions of Law on all material issues. The Court requests that the parties hyperlink each proposed Finding of Fact to any supporting evidence. Proposed Findings shall be brief, written in plain English, and free of pejorative language, conclusions and argument. Parties shall deliver to Chambers copies of Proposed Findings of Fact and Conclusions of Law on a CD/DVD in Word format. The label shall include the name of the parties, the case number and a description of the documents.

**5.    Exhibits**

      a.    <u>Provide Copies of Exhibits to Other Parties</u>. Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits. Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries. Each item shall be pre-marked with a trial exhibit sticker (not

deposition exhibit label), and defendant's exhibit numbers shall be sequenced to begin after plaintiff's exhibit numbers. If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators. All exhibits which have not been provided as required are subject to exclusion.

   b. <u>Stipulations re Admissibility</u>. At least fourteen days prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate to exhibits' admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

   c. <u>Objections to Exhibits</u>. In addition to the exhibit list, counsel shall confer with respect to any other objections to exhibits in advance of the Pretrial Conference. Each party shall file a statement briefly identifying each item objected to, the grounds for the objection, and the position of the offering party at least fourteen days prior to the date set for the Pretrial Conference.

   d. <u>Provide Copies of Exhibits to Court</u>. Three sets of exhibits shall be provided to the Court on the Friday prior to the trial date. Each set shall be in binders, marked, tabbed, and indexed and shall be delivered/mailed directly to Chambers. Parties are to comply with Local Rule 16-10(b)(7).

   e. <u>Disposition of Exhibits after Trial</u>. Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

**6. Motions In Limine**

Any party wishing to have motions in limine heard prior to the commencement of trial must file them at least fourteen days prior to the date set for the Pretrial Conference. All motions in limine shall be contained in one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading. Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings, and shall be filed and served at least seven days prior to the Pretrial Conference. No reply papers will be considered. The motions will be heard at the Pretrial Conference or at such other time as the Court may direct. Nothing in this provision prevents a

party from noticing its motions in limine regularly for hearing on or prior to the final date for hearing dispositive motions. No leave to file under seal will be granted with respect to motions in limine.

**7.    Other Pretrial Matters**

a.    <u>Status Conferences</u>. Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the Courtroom Deputy, Jean Davis, at 415-522-2077 or whocrd@cand.uscourts.gov.

b.    <u>Settlement Conferences</u>. Parties wishing to arrange a settlement conference before another judge or Magistrate Judge may do so by contacting the Courtroom Deputy.

c.    <u>Daily Transcripts</u>. Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at 415-522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 calendar days prior to the trial date.

**8.    Miscellaneous**

a.    The Court takes a photograph of each witness prior to the witness' testimony.

b.    Please DO NOT call Chambers. If you need to contact the Courtroom Deputy, please call 415-522-2077 and leave a message if the deputy is not available, or email <u>whocrd@cand.uscourts.gov</u>.

**IT IS SO ORDERED.**

Dated: October 28, 2013



WILLIAM H. ORRICK
United States District Judge