1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   ROBERT SHEA SIMPSON,                          Case No.  12-cv-05379-WHO

Plaintiff,

8

v.                                       **ORDER ON MOTION FOR SUMMARY**

9                                                    **JUDGMENT**

10   ROBERT BOSCH TOOL CORPORATION,          Re: Dkt. No. 29

Defendant.

11

12          Plaintiff Robert Simpson severely injured his fingers on June 1, 2009 while using a table

13   saw manufactured by defendant Robert Bosch Tool Corporation ("Bosch").  He had removed the

14   blade guard that was designed to prevent such injuries because it did not seem to work well and

15   did not allow him to make certain cuts with the saw.  Although a two year statute of limitations

16   applies to his claims, he filed suit on April 19, 2012.  The question I must decide on summary

17   judgment is whether the discovery rule extends the statute and allows this litigation.  Because I

18   find that Simpson had reason to suspect that there were product design defects in the saw and its

19   blade guard mechanism at the time of his injury, but did nothing to investigate those defects, the

20   discovery rule does not apply and Bosch's motion for summary judgment is GRANTED.

21                                    **FACTUAL BACKGROUND**

22          On June 1, 2009, Simpson severely injured his fingers while using a table saw

23   manufactured by Bosch.  Compl. ¶ 1.  The saw is equipped with a blade guard that protects the

24   user from injury while operating the saw.  Compl. ¶ 6.  However, the blade guard "is extremely

25   difficult to use and must be removed for a user to make certain cuts with the saw.  Once removed,

26   it is extremely difficult to reattach the blade guard."  Compl. ¶ 6.  Simpson did not use the blade

27   guard on the day he was injured.  McCowan Decl., Ex. A 103:15-17.  He frequently did not use

28   the blade guard while using the saw, because he thought it was "more trouble to use" the saw with

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the guard "than without the guard," it was "flimsy," "inefficient," "it didn't seem like it worked

2   well," it did not allow him to make certain cuts with the saw, it often times filled with sawdust,

3   and "the cons outweighed the pros." *Id*. 97:5-7; 101:7-102:2; 103:2-3; 104:12-17.  Nonetheless,

4   Simpson testified that when he was injured, he "thought it was an accident." *Id*. at 153:14-19.

5       On October 11, 2011, the Consumer Product Safety Commission ("CPSC") released an

6   advance notice of proposed rulemaking, which found that the blade guard system used by the

7   majority of table saws in the United States was inadequate. Compl. Ex B.  The publication

8   identified a modular blade guard system as a safer alternative design.  *Id*.  In November 2011,

9   Simpson saw an ad on television regarding litigation concerning table saws and advising

10  consumers who had been injured to call a 1-800 number.  Compl. ¶ 15; McCowan Decl., Ex. A

11  142:2-143:24.  Simpson asserts that it was when he saw the television advertisement that he first

12  realized his injury was caused by a defect in the saw, specifically, that the blade guard was

13  inadequate and that alternative guarding systems existed.  Compl. ¶ 15; McCowan Decl., Ex. A

14  153:14-154:1.

15      Simpson filed this case on April 19, 2012, claiming that the table saw was not safe for its

16  intended use because of its alleged defects.  He asserted claims for strict product liability,

17  negligence, and breach of warranty.  Bosch moves for summary judgment on the basis that the

18  applicable two-year statute of limitations bars all of Simpson's claims.

19                          **LEGAL STANDARD**

20      Summary judgment on a claim or defense is appropriate "if the movant shows that there is

21  no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

22  law." Fed. R. Civ. P. 56(a).  In order to prevail, a party moving for summary judgment must show

23  the absence of a genuine issue of material fact with respect to an essential element of the non-

24  moving party's claim, or to a defense on which the non-moving party will bear the burden of

25  persuasion at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has

26  made this showing, the burden then shifts to the party opposing summary judgment to identify

27  "specific facts showing there is a genuine issue for trial."  *Id.*  The party opposing summary

28

2

United States District Court
Northern District of California

1  judgment must then present affirmative evidence from which a jury could return a verdict in that

2  party's favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257 (1986).

3        On summary judgment, the Court draws all reasonable factual inferences in favor of the

4  non-movant. *Id.* at 255. In deciding a motion for summary judgment, "[c]redibility

5  determinations, the weighing of the evidence, and the drawing of legitimate inferences from the

6  facts are jury functions, not those of a judge." *Id.* However, conclusory and speculative testimony

7  does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill*

8  *Publ'g Co., Inc. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir.1979).

9  **DISCUSSION**

10 **I.  CALIFORNIA'S STATUTE OF LIMITATIONS AND THE DISCOVERY RULE**

11       In a federal diversity action brought under state law, the state statute of limitations

12 governs. *Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir.

13 1987). California Code of Civil Procedure section 335.1 sets a two-year statute of limitations on

14 personal injury claims based upon defective products, regardless of the particular legal theory

15 invoked. *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). All of Simpson's

16 claims are subject to the two-year statute of limitations.

17       A plaintiff must bring a claim within the limitations period after accrual of the cause of

18 action. CAL. CODE CIV. PROC. § 312 ("Civil actions, without exception, can only be commenced

19 within the periods prescribed in this title, after the cause of action shall have accrued"). The

20 general rule for defining the accrual date is "the time when, under the substantive law, the

21 wrongful act is done, or the wrongful result occurs, and the consequent liability arises." *Norgart*

22 *v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). Simpson was injured on June 1, 2009. Given that he

23 filed this lawsuit on April 19, 2012, almost three years after his injury occurred, his claims are

24 barred by the two-year statute of limitations unless the "discovery rule" applies, which postpones

25 accrual until a plaintiff discovers, or has reason to discover, a cause of action. *Id.*

26       To invoke the discovery rule, a plaintiff must show (1) the time and manner of discovery

27 and (2) the inability to have made earlier discovery despite reasonable diligence. *Fox v. Ethicon*

28 *Endo–Surgery, Inc.*, 35 Cal.4th 797, 920 (2005)). The plaintiff has the burden to "show

3

diligence." *Id.* at 921. "The statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988). *See also Norgart,* 21 Cal. 4th at 398 ("the plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements") (citation and quotation marks omitted). The rule "mak[es] accrual of a cause of action contingent on when a party discovered or *should have* discovered that his or her injury had a wrongful cause." *Fox*, 35 Cal. 4th at 808 (emphasis in original). "Within the applicable limitations period, a plaintiff must seek to learn the facts necessary to bring the cause of action in the first place--he cannot sit on his rights and wait for the facts to find him." *Norgart*, 21 Cal. 4th 383 at 398. Normally, whether a plaintiff has notice or information of circumstances to put a reasonable person on inquiry is a question of fact for the jury. However, where the uncontradicted facts are susceptible of only one legitimate inference, summary judgment is proper. *Jolly*, 245 Cal. Rptr. at 663.

## II.  SIMPSON IS NOT ENTITLED TO THE DISCOVERY RULE EXCEPTION

### A.  Simpson Was Aware Of Facts That Would Put A Reasonable Person On Inquiry

Simpson asserts that the statute of limitations began accruing in November 2011, when he first became aware that the product was defective through an advertisement on television regarding litigation concerning table saws. Simpson alleges that prior to that time, he "had no reason to know or suspect that the [table] saw was defective;" rather, "he merely believed . . . that he was injured as a result of a simple accident after his hand came into contact with the spinning blade of the Bosch saw." Opp. at 1.

Simpson's deposition testimony amply demonstrates that he was fully aware when he was injured in 2009 that the blade guard was inadequate, that the table saw did not operate properly with the blade guard installed, and that operating the saw without the blade guard posed a potential for serious injury. McCowan Decl, Ex. A 97:5-7; 101:7-102:2; 103:2-9;104:12-17. He also knew that his operation of the saw without the blade guard caused his injuries. Even if Simpson did not view the saw as defective, the record demonstrates that he had information in 2009 sufficient to put a reasonable person on notice that his injuries were caused by the table saw's deficient design

4

1    or lack of safety.

2          Simpson argues that his cause of action did not accrue in 2009 because he did not suspect

3    any wrongdoing by Bosch when he was injured.  In support he cites *Ward v. Westinghouse*

4    *Canada, Inc.*, 32 F.3d 1405 (9th Cir. 1994), *Clark v. Baxter Healthcare Corp.*, 83 Cal. App. 4th

5    1048 (Cal. App. 2008), and *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales,*

6    *Practices and Products Liability Litigation*, 754 F. Supp. 2d 1208 (C.D. Cal. 2010).  Opp. at 7-11.

7    Those cases are distinguishable.

8          In *Toyota*, the plaintiff was injured when her car suddenly accelerated with no readily

9    perceptible explanation.  The court found that the limitations period did not accrue at the time of

10   her accident because she assumed that her injuries were due to her own inadvertent conduct.  754

11   F. Supp. 2d 1208.  In *Ward*, the plaintiff developed tendonitis as result of using a computer

12   keyboard.  32 F.3d at 1406.  The Ninth Circuit held that a genuine issue of material fact existed

13   regarding when the plaintiff should have suspected that it was some third party's wrongdoing,

14   rather than computer overuse, that caused his pain and injury.  *Id.* at 1408.  In *Clark*, the California

15   Court of Appeal found that even though the plaintiff was aware of her latex allergy for a number

16   of years, she became aware of the defective manufacture of defendant's latex gloves only within

17   the year prior to her filing suit when she received an article concerning health care workers and

18   latex allergy.  83 Cal. App. 4th at 1059-1060.

19         In all three cases, the courts held that even though the plaintiffs knew that the particular

20   products injured them, they were not on inquiry notice that wrongdoing, such as defective design

21   of the product, caused their injuries.  In contrast, Simpson testified that he believed the product did

22   not work correctly unless he modified it by removing the blade guard, and that he was unable to

23   use the product properly with the blade guard in place.  Furthermore, it is undisputed that his

24   injuries were caused by using the product without the blade guard.  In such circumstances where

25   one is unable to use a product properly without first removing its essential safety mechanism, it is

26   apparent "that someone has done something wrong."  *Jolly*, 44 Cal.3d at 1110.  In other words,

27   Simpson's complaints concerning problems he had with the blade guard, and his removal of the

28   blade guard when using the saw, are consistent with an indication that there was something wrong

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    with the product itself.  These facts demonstrate why he should have suspected an actionable

2    defect more than two years before he filed this action.  It was not reasonable for Simpson to ignore

3    the possibility that his inability to use the saw properly without its key safety mechanism was due

4    to actionable misconduct by the defendants.  *See Lyles v. State*, 153 Cal. App. 4th 281, 289 (2007)

5    ("Plaintiff[] ignored the direct visual evidence on which [his] claim now rests.  Such an argument

6    cannot stand, either as a matter of law or logic.").

7           Furthermore, injuring one's fingers with a table saw is a perceptible, serious trauma--it is

8    not an injury where the nature, extent, or immediate cause of the harm is unknown.  Therefore,

9    this case is further distinguishable from *Toyota* where "the alleged cause of injury was a latent,

10   electronic defect with the vehicle's braking system, not a readily apparent, physically perceptible

11   problem," *id.* at 96, and cases like *Ward* and *Clark*, where the plaintiffs reasonably attributed their

12   physical symptoms to other causes, but only discovered later that the cause was a defect in the

13   product.  Here, the record demonstrates that Simpson knew that using the saw without its blade

14   guard was the ultimate cause of his injuries.  Moreover, the only reasonable conclusion that

15   Simpson could have drawn was that the failure of the blade guard to serve its purpose was the

16   cause of his injury.  *See Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985)

17   (when plaintiff discovered, after suffering a miscarriage, that she had been pregnant while an IUD

18   was still in place, "the only reasonable conclusion she could have drawn was that the IUD failed

19   its contraceptive purpose").

20          Simpson asserted in his deposition that he was not aware at the time of his injury of any

21   wrongdoing by Bosch.  Opp. at 12.  However, his subjective and self-serving testimony does not

22   by itself create a genuine issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

23   1054, 1061 (9th Cir. 2002).  The undisputed facts detailed above are susceptible of only one

24   reasonable inference: not only did Simpson know the actual cause of his injuries more than two

25   years before he filed this action (his operation of the table saw without the blade guard), but also

26   he had reason to suspect that his injuries were caused by something wrong with the product's

27   design or operation, since he could not use it as intended without disabling the safety mechanism.

28

United States District Court
Northern District of California

1

**B.  Simpson Did Not Diligently Investigate His Claims**

Simpson does not provide evidence that he diligently investigated his injuries or that "despite diligent investigation . . . he could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Fox*, 35 Cal.4th at 808–09. Simpson asserts that he could not have reasonably known of the link between his injury and the alleged defects in the saw until the CPSC released its notice of advanced rulemaking in October 2011.  The publication discussed a range of potential risks associated with table saw blade guards and recommended improved table saw safety technology.  Simpson asserts that before the CPSC publication or the November 2011 television advertisement, he did not know that "the saw might have been defectively designed in some respect."  Opp. at 11.

But the law is clear that the limitations period begins to run once the plaintiff is on inquiry notice, defined as reason for *suspicion*, as opposed to *knowledge*, of the basis for a cause of action. *Jolly*, 44 Cal.3d at 1110.  As a result, even "a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations, if he should have known in the exercise of due diligence."  *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

It is not necessary for a governmental agency to declare a product inadequate or unsafe to commence the running of a statute of limitations.  Simpson was on notice when he was injured because he had previously encountered problems using the saw with the blade guard, problems which caused him not to use the blade guard.  Failure to use the blade guard caused his injury.  He had a duty of inquiry once he was injured because he had sufficient information causally linking the table saw's inadequate blade guard design to his injuries.  But he conducted no inquiry.  His attempt to rely on the CPSC publication is unavailing because he was already on notice of the facts necessary for his claim--i.e., that he could not use the table saw as intended, and this caused his injuries.  *See Coleman v. Boston Scientific Corp.*, No. 01968-OWW, 2011 WL 3813173 (E.D. Cal. Aug. 29, 2011) (plaintiff's claim for injury caused by medical device accrued when she required surgery to remove the device, not when she saw FDA publication describing risk of implanting medical device).

7

1    Based on the undisputed facts, reasonable minds can draw only one conclusion from the

2 evidence: despite being on inquiry of a reasonable suspicion of wrongdoing, Simpson failed to

3 exercise due diligence and instead waited for the facts to find him.  *Norgart*, 21 Cal. 4th 383 at

4 398.  He is not entitled to the discovery rule to delay accrual of his causes of action and his causes

5 of action are barred by the two-year limitations period in California Code of Civil Procedure

6 section 335.1.

7                                          **CONCLUSION**

8    For the reasons above, Bosch's motion for summary judgment is GRANTED.  The

9 pending motions to exclude plaintiff's expert witness testimony are DENIED as moot.  Dkt. Nos.

10 34, 35.

11    **IT IS SO ORDERED**.

12 Dated: March 7, 2014

13                                          _____

14                                          WILLIAM H. ORRICK
                                            United States District Judge